**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01463-001-TUC-RM (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Fabian Inzunza, | |
| Defendant. | |

Pending before the Court is Defendant Fabian Inzunza's Motion for Compassionate Release. (Doc. 60.) The Government responded in opposition (Doc. 66) and Defendant replied (Doc. 70). For the following reasons, the Motion will be denied.

**I.    Background**

On October 10, 2019, Defendant Inzunza pled guilty to importation of heroin in violation of 21 U.S.C. §§952(a), 960(a)(1), and 960(b)(1)(A). (Doc. 47.) Defendant was initially ordered released pending trial (Doc. 5) but, upon violating his conditions of pretrial release in an incident involving weapons-related misconduct (Doc. 12), Defendant was ordered detained pending trial (Docs. 27, 30).[1] On December 19, 2019, this Court sentenced Defendant to 36 months in the custody of the Bureau of Prisons

---

[1] Defendant was temporarily released multiple times so he could receive surgery. (*See* Docs. 31, 35, 40.)

("BOP"), with credit for time served and a recommendation for participation in the RDAP program. (Doc. 58, Doc. 60 at 4.) Defendant is housed at Federal Correctional Institution—Terminal Island ("Terminal Island") and his projected release date is March 10, 2022. (Doc. 66 at 2, Doc. 60 at 4-5.)

On June 29, 2020, Defendant filed the instant Motion seeking compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Doc. 60.) Defendant argues that he should be resentenced to time served, or alternatively, resentenced to home confinement, due to the COVID-19 pandemic. (*Id*.) He states that he has not been able to participate in RDAP due to COVID-19 and that, had he been able to participate, his release date likely would have been around March 10, 2021. (*Id*. at 5.)

Defendant, who is 36 years old, requests compassionate release due to his health conditions of asthma, hypertension, and depression. (*Id*. at 5-6.) Defendant explains that these "comorbidities" increase his risk of serious COVID-19 complications, should he contract the virus. (*Id*. at 6.) Defendant states that he "has suffered from asthma since childhood" and that although as an adult his asthma has been under control, he has "been prescribed an inhaler in the past to help with breathing issues." (*Id*. at 5.)  He further states that he has "struggled to catch his breath on multiple occasions" since being incarcerated. (*Id*.) Defendant further states that he has recently been diagnosed with hypertension and that he takes medication daily for the condition. (*Id*. at 5, 20.) Lastly, Defendant states that he suffers from "chronic and severe" depression, for which he also takes daily medication. (*Id*., *see also* Doc. 65.)

Defendant argues that he should be released because, as of May 11, 2020, "Terminal Island was the site of the largest COVID-19 outbreak at a BOP facility, reporting over 700 positive cases (693 prisoners and 15 staff)." (*Id*. at 8.) Defendant contends that it is not safe for him to remain at Terminal Island because his health conditions make him more vulnerable to complications from COVID-19 and, due to the nature of his confinement, he faces an unacceptable risk of contracting the virus while incarcerated. (*Id*. at 9-11.) Defendant argues that these conditions create "extraordinary

1    and compelling" reasons for his release. (*Id*. at 17); *see also* 18 U.S.C. § 3582(c)(1)(A);
2    U.S.S.G. 1B1.13.

3          Defendant further argues that he does not pose a danger to the community because
4    his criminal history is related to his mental health and addiction issues, his behavior on
5    pretrial release shows that he can abide by conditions of release, and the underlying
6    offense to which he pled guilty was a nonviolent offense. (*Id*. at 27-8); *see also* U.S.S.G.
7    1B1.13 (Sentencing Commission policy stating that a court may reduce a term of
8    imprisonment under 18 U.S.C. § 3582(c)(1)(A) if a defendant is not a danger to the safety
9    of any other person or to the community.) Regarding his performance on pretrial release,
10   Defendant argues that each time he was temporarily released for a surgical procedure, he
11   self-surrendered to custody without any issues; however, he does not address the
12   violation of conditions of pretrial release that resulted in his pretrial detention. (*Id*. at 28,
13   Docs. 23, 30.) Defendant further states that he has family and community support,
14   including access to health care, should he be released. (*Id*. at 28-9.)

15         Defendant states that he made a request for compassionate release to the Terminal
16   Island warden on May 22, 2020, to which he did not receive a response within 30 days.
17   *See* 18 U.S.C. § 3582(c)(1)(A) (setting forth administrative exhaustion requirement).
18   Therefore, he alleges that he has exhausted his administrative remedies, making this
19   Motion procedurally proper. (Doc. 70 at 2-6.) The Government contends that Defendant's
20   Motion should be denied on procedural grounds because Defendant has not exhausted his
21   administrative remedies, as shown by his failure to produce a copy of his administrative
22   request and by the lack of such a request in the BOP's records. (Doc. 66 at 6-7.)
23   Defendant, citing several cases from other districts, argues that his assertion that he filed
24   the request with the warden is sufficient to meet the exhaustion requirement and that he
25   need not produce a copy of the request. (Doc. 70 at 2-6.)

26         **II.     Administrative Exhaustion**

27         The Court will credit Defendant's assertion that he filed the May 22, 2020
28   administrative request. Accordingly, the Court finds that Defendant has exhausted his

1    administrative remedies, making the Motion properly before the Court. *See United States*
2    *v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *2 (W.D. Wash. May 22, 2020)
3    (When confronted with conflicting evidence about whether defendant had filed a request
4    for compassionate release with the warden, the Court credited defendant's representation
5    because it was "based on direct knowledge rather than failure to confirm the existence of
6    a filing from over a month ago."); *United States v. Trent*, No. 16-CR-00178-CRB-1, 2020
7    WL 1812214, at *1 (N.D. Cal. Apr. 9, 2020) (same).

8              **III.    Applicable Law and Discussion**

9              Under the recently enacted First Step Act, 18 U.S.C. § 3582, a sentencing court
10   may reduce a term of imprisonment, on motion of a defendant "after the defendant has
11   fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to
12   bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such
13   a request by the warden of the defendant's facility, whichever is earlier," after
14   considering the factors set forth in section 3553(a), as applicable, if the Court finds that
15   "extraordinary and compelling reasons warrant such a reduction . . . "and that such a
16   reduction is consistent with applicable policy statements issued by the sentencing
17   commission."  18 U.S.C. § 3582(c)(1)(A).  To be eligible for compassionate release, a
18   defendant must demonstrate: (1) the existence of extraordinary and compelling reasons,
19   within the meaning of the statute; and (2) that he is not a danger to the community. 18
20   U.S.C. § 3582(c)(1)(A). Any reduction must be consistent with the policy statements set
21   forth in U.S.S.G. § 1B1.13.

22             U.S.S.G. § 1B1.13 defines "extraordinary and compelling reasons" that may make
23   a defendant eligible for compassionate release. *See* 28 U.S.C. § 994(t). There are three
24   categories of reasons: medical condition of the Defendant, age of the Defendant, and
25   family circumstances. U.S.S.G. § 1B1.13, n.1. As relevant here, those grounds include:
26   (1) a "terminal illness" and (2) a serious medical condition "that substantially diminishes
27   the ability of the defendant to provide self-care within the environment of a correctional
28   facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1.

- 4 -

Other bases for compassionate release are a defendant's age or family circumstances, or "an extraordinary and compelling reason other than, or in combination with," the enumerated reasons. *See id.* "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.*

Defendant argues that his medical conditions of asthma, hypertension, and depression, coupled with the COVID-19 pandemic, present extraordinary and compelling reasons for release. Although the Court acknowledges the unfortunate circumstances Defendant is facing, the record does not show that Defendant satisfies the conditions for compassionate release pursuant to the applicable authority. The Court agrees with Defendant that courts have broad discretion pursuant to the First Step Act and the applicable Sentencing Commission policy statements to release defendants when appropriate circumstances arise, but it does not find such circumstances present in this particular case.

### a. Defendant's Medical Conditions Do Not Warrant Compassionate Release

First, the Court does not find that Defendant's medical conditions justify compassionate release. Defendant's allegations of "grave danger" notwithstanding, the record does not indicate that the BOP, and Terminal Island in particular, is failing to take the pandemic seriously. (*See* Doc. 60 at 2-3,[2] Doc. 66 at 2-4.) Defendant states that he has asthma, but he also indicates that he has not suffered serious symptoms from that condition since childhood. His medical records do not indicate recent treatment for asthma attacks or other manifestations of the condition. Therefore, the Court does not find that Defendant's asthma is a serious medical condition that would justify compassionate release. *Compare United States v. Wen*, No. 6:17-CR-06173 EAW, 2020 WL 1845104, at *7 (W.D.N.Y. Apr. 13, 2020) (defendant with asthma granted compassionate release where "the facility is recklessly failing to take even the basic steps necessary to protect against the spread of this disease" and defendant did not present a danger to the community).

---

[2] Defendant reports that Terminal Island is testing inmates and quarantining those who have been diagnosed with COVID-19.

Although Defendant has recently been diagnosed with hypertension and receives treatment for it, the evidence Defendants presents in support of his argument does not mandate his release. Defendant states that he was diagnosed with hypertension during a "routine BOP physical," (Doc. 60 at 20), therefore indicating that this has not long been a chronic condition. While medical literature indicates that hypertension is a dangerous comorbidity with COVID-19, according to the sources Defendant cites, that danger appears significantly higher for older adults. (*Id.* at 20-21.)[3] As Defendant is 36 years old and was only recently diagnosed with hypertension, the Court does not find that his medical condition of hypertension justifies compassionate release. Furthermore, although the Court appreciates the psychological stress of incarceration, Defendant's diagnosis and symptoms of depression simply do not support a finding that he is entitled to release. *But see Doe v. Barr*, No. 20-CV-02141-LB, 2020 WL 1820667, at *4 (N.D. Cal. Apr. 12, 2020) ("Growing evidence demonstrates that PTSD, anxiety/stress, and depression can lead to decreased immune response and increased risk of infections.")

Finally, the Court does not find that the cumulative effects of Defendant's multiple conditions constitute "extraordinary and compelling" reasons for his release. Although "courts have previously found 'extraordinary and compelling circumstances' exist where an inmate suffers severe and chronic medical conditions that put them at an increased risk of complications associated with COVID-19 exposure," Defendant's conditions are not sufficiently "severe and chronic" to place him in that category. *See United States v. Hanson*, No. 6:13-CR-00378-AA-1, 2020 WL 3605845, at *4 (D. Or. July 2, 2020) (collecting cases of inmates with multiple severe and chronic medical conditions).

---

[3] Defendant highlights a study published in the Journal of the American Medical Association finding that "patients with hypertension have more severe illness and higher mortality rates than those without hypertension," and "patients with hypertension had more than 3 times the mortality rate of all other patients hospitalized with COVID-19." (Doc. 60-2). However, the study involved patients with a median age of 55 and states that "[p]atients with hypertension were older and had greater prevalence of chronic diseases." (*Id.*) As Defendant is 36 years old and was only recently diagnosed with hypertension, it is not clear that the study's findings apply to him. (*Id.*) It appears likely that Defendant's young age combined with his recent hypertension diagnosis reduce his risk from COVID-19 complications, as compared to patients of more advanced age with chronic hypertension.

**b. Defendant Poses a Danger to the Community**

Second, the Court finds that Defendant has not demonstrated that he does not pose a danger to the community. Defendant violated his conditions of pretrial release in an incident involving weapons-related misconduct. Neither the Motion nor the Reply attempt to explain this behavior or show why Defendant would not make similar choices again if released before the expiration of his sentence. The violation of pretrial conditions involving weapons misconduct demonstrates that Defendant poses a danger to the community and Defendant has not shown why the Court should reach a different conclusion. Accordingly, the Motion will be denied. The Court emphasizes that its decision is limited to the present facts of this case and should not be construed to preclude granting similar relief in the future, in this case or another case, if the facts and circumstances warrant it.

**IT IS ORDERED** that Defendant's Motion for Compassionate Release (Doc. 60) is **denied**.

Dated this 21st day of July, 2020.

Honorable Rosemary Márquez
United States District Judge

- 7 -